IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONAL CONFERENCE OF BAR EXAMINERS<br>Plaintiff,<br><br>v.<br><br>MULTISTATE LEGAL STUDIES, INC., d/b/a PMBR, ROBERT FEINBERG, and DONA ZIMMERMAN<br>Defendants. | : | CIVIL ACTION<br><br>NO. 04-3282 |

MEMORANDUM AND ORDER

Fullam, Sr. J. July 21, 2005

Plaintiff, the non-profit group that develops and owns the Multistate Bar Examination ("MBE"), filed suit against Defendants, a national bar exam preparation course and its owners (collectively "PMBR"), alleging copyright infringement in violation of 17 U.S.C. § 101 *et seq.*, and unfair business practices in violation of the California Business and Professions Code.

The MBE, a 200 question multiple-choice test that takes six hours to complete, tests a variety of common law subjects and is administered twice a year to bar applicants around the country. In most states, applicants must achieve a minimum score on the MBE and on a separate state-specific essay examination in order to be admitted to the state's bar. Plaintiff contracts with various law professors and writers to develop suitable questions

for the examination. Plaintiff also owns the copyrights to all of the questions, many of which are re-used over a number of years.

Many of the questions are known as "equator" questions. In other words, Plaintiff compares how test-takers at a given exam perform on those questions compared to previous groups, and develops a scaled score for each exam. This ensures that one group of test-takers will not receive lower scores because that exam was more difficult than earlier exams. Because re-using questions is an integral part of ensuring consistent scoring of the MBE, Plaintiff goes to great lengths to maintain the security of those questions. While "retired" questions are made available to the public for licensing or purchase, Defendants have not licensed or purchased any materials.

Defendants operate a bar exam preparation course known as PMBR, the goal of which is to prepare students for the MBE. As part of the course, students are given several practice exams designed to mimic both the test conditions and the subject matter of the actual MBE. PMBR maintains a bank of more than 3,000 questions for this purpose and has representatives sit for a bar exam nearly every year.

The events giving rise to this lawsuit began with the February 2003 administration of the Alaska Bar exam, which was taken by Defendant Robert Feinberg, the PMBR creator and CEO, and

Dorothy Benson, another PMBR employee. After time was called, Feinberg attempted to leave the examination room with handwritten notes and Benson was found to have similar notes on her desk. Although Alaska is one of the few jurisdictions that allows note taking during the MBE, removal of those notes from the exam site is forbidden. After disclosure of the Alaska incident, Plaintiff obtained PMBR materials and found, so it alleges, many questions similar to those used on the MBE.

Plaintiff has now moved for partial summary judgment seeking to establish liability on both counts of the complaint and to limit further proceedings to a determination of damages. For the reasons that follow, the motion will be denied.

By Order dated April 13, 2005, I denied Defendants' motion for summary judgment. In that Order, I held that Defendants have no standing to contest Plaintiff's copyright ownership of the questions in suit, that Plaintiff is entitled to seek any remedy available under the Copyright Act, and that the state law claim is not preempted by the Copyright Act.

In order to establish a claim for copyright infringement a Plaintiff must show ownership and unauthorized copying of original elements of a work. Dun & Bradstreet Software Services v. Grace Consulting, Inc., 307 F.3d 197, 206 (3d Cir. 2002). Because it has already been determined that Defendants lack standing to challenge copyright ownership, the only question is

whether unauthorized copying and distribution took place in this case.

Copying is proven by showing access to the work and substantial similarity between the two works. Dam Things from Denmark v. Russ Berris & Co., 290 F.3d 548, 561 (3d Cir. 2002). Because the parties do not dispute Defendants' access to the copyrighted questions, the focus of the inquiry here is on similarity.

The standard used to detect substantial similarity is "whether an ordinary lay observer would detect a substantial similarity between the works." Association of Am. Med. Colleges v. Mikaelian, 571 F. Supp. 144, 149 (E.D. Pa. 1983). "Substantial similarity does not require verbatim copying. . .immaterial variations do not alter the conclusion that infringing material is substantially similar to copyrighted material." Educational Testing Service v. Simon, 95 F. Supp. 2d 1081, 1088 (C.D. Cal. 1999); see also Gallup Inc., v. TalentPoint Inc., 2001 WL 1450592 (E.D. Pa. 2001)(noting that even striking similarity is not dispositive because Plaintiff must still show that similarity is "not a result of both parties drawing from the same sources in the public domain.")

To demonstrate substantial similarity, Plaintiff points to a side-by-side comparison of several of the questions in suit to

highlight what it contends are nearly identical question forms.[1] Defendants do not argue that similarities do not exist, in fact Defendants admit that some of the questions do have a similar tone and style. Instead, Defendants argue that this similarity is inevitable and permissible, and that if their questions did not have some resemblance to the MBE, the PMBR review course would be of little value.

Defendants contend that the similarities stem from the fact that both Plaintiff and Defendants draw from the same pool of material when creating questions, such as hornbooks, law treatises, and case law, and that such similarity is entirely permissible. See Dun & Bradstreet, 307 F.3d at 214 (holding that "copyright protection is denied to those expressions that are standard stock, or common to a particular topic or that necessarily follow from a common theme or setting"). While Plaintiff agrees that some similarity is acceptable, it points out that the pool is so large that something more than coincidence must explain how both the MBE and PMBR feature questions based on the same 1908 Vermont Supreme Court case.

Certainly, both Plaintiff and Defendant are entitled to draw upon the same source material to design a question. It is reasonable that both parties might, for example, draw from the

[1]Because all motions and exhibits containing test questions have been filed under seal, I do not provide sample comparison questions within the text of this opinion.

facts of United States v. Lopez, 514 U.S. 549 (1995), in formulating a commerce clause question. What is impermissible is for PMBR to copy Plaintiff's wording and tone in such a question. In the context of a summary judgment motion, I cannot determine as a matter of law that an observer would find the questions impermissibly similar or whether any such similarity can be attributed to both parties' reliance on the same public material. These are issues of fact to be determined at trial.

I also deny summary judgment on the state law unfair business practices claim. The parties disagree as to whether Pennsylvania or California law governs. Applying Pennsylvania's choice of law rules to the facts of this case, I conclude that California law governs. California has a governmental interest in the regulation of its businesses, and PMBR has its principal place of business in that state, which is also where Mr. Feinberg resides. Pennsylvania has no interests that would be impaired by the application of California law. Defendants' argument that California courts lack subject matter jurisdiction is irrelevant, as subject matter jurisdiction does not determine choice of law, especially where, as here, the California court decision rested on the continuing jurisdiction of Pennsylvania's courts.

California law prohibits any conduct that attempts to subvert a licensing examination. Cal. Bus. & Prof. Code § 123 (2004). Prohibited business acts are defined as acts that are

unfair, unlawful or fraudulent. Cal. Bus. & Prof. Code § 17200(2004). Section 17200 borrows violations of other laws and treats them as independently actionable under the Act. State Farm Fire & Casualty Co. V. Superior Ct. of L.A., 45 Cal. App. 4th 1093, 1003 (1996) Thus, while the Act itself does not require an intent to injure, the Act does require a violation of other state law, and a defense to the underlying offense is a defense under the Act. People v. Duz-Mor Diagnostic Lab., Inc., 69 Cal. App. 4th 654, 673 (1998).

Plaintiff argues that Feinberg's alleged attempt to leave the Alaska bar exam with notes, the allegedly unauthorized reproduction of examination material, and the alleged sale of portions of an administered exam all constitute violations of the Act. Defendants respond that Plaintiff has not shown any intent to subvert as required by California law. Defendants note that the State of California has never accused Feinberg of subverting an examination or the licensing process of attorneys. At the very least, Defendants argue that triable issues of fact remain about Feinberg's intent.

I agree that triable issues exist. California law requires intent be part of the case, and Plaintiff has not established that Feinberg acted with any subversive intentions at the bar exam. Feinberg's intent, as well as the intent of Ms. Benson and

of PMBR in general, is a question for the finder of fact to examine.

Because there are triable issues of fact remaining in the case on both the copyright and state law claims, it is not necessary to address Defendants' arguments regarding laches and waiver at this time.

An Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATIONAL CONFERENCE OF BAR EXAMINERS<br>Plaintiff,<br><br>v.<br><br>MULTISTATE LEGAL STUDIES, INC., d/b/a PMBR, ROBERT FEINBERG, and DONA ZIMMERMAN<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br><br><br>NO. 04-3282 |

ORDER

AND NOW, this day of July, 2005, upon consideration of Plaintiff's Motion for Partial Summary Judgment, IT is ORDERED that the motion is DENIED.

John P. Fullam, Sr. J.