UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATIONAL CONFERENCE OF BAR EXAMINERS, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | )    No. 2:04-CV-03282-JF ) |
| MULTISTATE LEGAL STUDIES, INC., d/b/a PMBR, ROBERT FEINBERG, and DONA ZIMMERMAN, | ) ) ) ) |
| Defendants. | ) |

## BRIEF IN SUPPORT OF PLAINTIFF NCBE'S BILL OF COSTS

Pursuant to 28 U.S.C. § 1920, F.R.C.P. 54, and the final judgment issued in this matter, see Order (Aug. 23, 2006), Plaintiff National Conference of Bar Examiners ("NCBE") has submitted a Bill of Costs to the Clerk of this Court. As the prevailing party in this matter, NCBE seeks recovery for the various costs outlined below. This brief supports the taxation of these costs against Defendants, herein referred to as PMBR.

## ARGUMENT

Rule 54(d)(1) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." Fed. R. Civ. P. 54(d)(1). The prevailing party is generally entitled to these costs as a matter of course. City of Rome, Italy v. Glanton, 184 F.R.D. 547, 549 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445, 447 (E.D. Pa. 1998). As the prevailing party, NCBE should recover the costs it incurred in pursuing its case against PMBR.

I. **NCBE IS ENTITLED TO RECOVER NECESSARY FEES INCURRED FOR DEPOSITION TRANSCRIPTS AND FOR THE FINAL TRIAL TRANSCRIPT.**

The Court should tax PMBR for the fees of the court reporter to obtain deposition transcripts, as each transcript was necessarily obtained for use in this case. See 28 U.S.C. § 1920(2). Costs for taking depositions are taxable when the depositions appear reasonably necessary to the parties in light of a particular situation existing at the times they were taken. Raio v. Am. Airlines, 102 F.R.D. 608, 611 (E.D. Pa. 1984) (citation omitted); see also In re Kulicke & Soffa Indus. Inc. Secs. Litig., 747 F. Supp. 1136, 1147 (E.D. Pa. 1990) (citing need for counsel to conduct "effective" trial preparation and have the ability to adequately respond to the opposing party). This rule applies even though the deposition taken may not have been used at trial. Raio, 102 F.R.D. at 611. Copies of deposition transcripts are also taxable under 28 U.S.C. § 1920(2). As several cases have noted, deposition transcripts are necessary to respond to pre-trial motions and to prepare for trial. See, e.g., In re Kulicke, 747 F. Supp. at 1147 (allowing recovery of costs of obtaining deposition transcripts and noting that these costs were not limited to recovery of costs for transcripts of individuals who actually testified at trial, as effective trial preparation required review of all deposition testimony).

The following depositions were taken by NCBE: Lucia Panzarella, Dona Zimmerman, Robert Feinberg, Inna Shapiro, Dorothy Benson, and Steven Palmer. See Declaration of Robert Burgoyne ("Burgoyne Decl.") ¶ 4; Declaration of Barbara W. Mather ("Mather Decl.") ¶ 4. All of these individuals are current or former employees of PMBR. NCBE also deposed PMBR's designated expert witness, Samuel Kursh. All of these depositions were taken for discovery purposes. See Burgoyne Decl. ¶ 4; Mather Decl. ¶ 4. In addition, all or most of these depositions were used in NCBE's summary judgment briefs, and/or at trial. See Burgoyne Decl. ¶ 4; Mather Decl. ¶ 4.

NCBE also obtained copies of the following transcripts of the depositions taken by PMBR for use in trial preparation, responding to the claims of PMBR, preparing summary judgment papers, and at trial (in the case of unavailable witnesses): Erica Moeser, Susan Case, Deborah O'Regan, Jill Karofsky, Daniel Bernstine, Edward Kimball, Jerome Braun, James Hogan, Lynda Leidiger, and Patricia Hanick. See Burgoyne Decl. ¶ 4; Mather Decl. ¶ 4. Because these deposition transcripts were necessary for effective trial preparation, the costs for their procurement should be taxed against PMBR.

Similarly, the Court should tax PMBR for the fees associated with the final trial transcript. Like deposition transcripts, a trial transcript is necessarily obtained if it is necessary for effective trial preparation. See In re Kulicke, 747 F. Supp. at 1146-47 (noting that defendants would have been severely handicapped in responding to plaintiff's post trial motions had they not obtained the trial transcripts). The final trial transcript was used extensively to prepare NCBE's proposed findings of fact and conclusions of law and has been used in responding to post-trial motions filed by PMBR. It was therefore necessary for effective trial preparation. See Mather Decl. ¶ 5.

## II. NCBE IS ENTITLED TO RECOVER FEES FOR EXEMPLIFICATION AND COPIES OF PAPERS NECESSARILY OBTAINED FOR USE IN THIS CASE.

Section 1920(4) permits the taxation of costs for exemplification and reproduction of copies when they were "necessarily obtained for use in the case." 28 U.S.C. § 1920(4); Nugget Distrib. Coop. of Am. v. Mr. Nugget, Inc., 145 F.R.D. 54, 57 (E.D. Pa. 1992).

### A. NCBE should recover the costs of exemplifications obtained in this matter.

Recoverable exemplification costs include costs associated with copying demonstrative evidence. E.g., In re Kulicke, 747 F. Supp. at 1147 (allowing costs for copying and demonstrative evidence). The taxable fees itemized on NCBE's Bill of Costs include

exemplification fees for duplication of 33 VHS tapes that were provided for review by PMBR during discovery and contained actual PMBR lectures. NCBE had to duplicate the tapes in order to have copies of them for review. See Mather Decl. ¶ 6. To use these tapes efficiently at trial, NCBE had them converted to DVD format in order to be played via computer. Id. Additionally, the exemplification costs include fees for creation of large color posters of PMBR's advertising to be used at trial. See Burgoyne Decl. ¶ 5. Finally, the exemplification costs include the costs associated with obtaining from the U.S. Copyright Office certified registration certificates for works on which NCBE and PMBR hold copyrights, which were used in NCBE's summary judgment papers and at trial. Id.; see, e.g., Nugget Distrib. Coop., 145 F.R.D. at 57 (noting that costs for acquisition of trademark registrations from the U.S. Patent and Trademark Office are recoverable under § 1920(4)).

### B. NCBE should recover the costs of copies of papers in this matter.

Copying costs are specifically taxable under 28 U.S.C. § 1920(4). See, e.g., Nugget Distrib. Coop., 145 F.R.D. at 57 (citation omitted). As with any large litigation, the copying costs in this matter were varied and numerous. See Mather Decl. ¶ 7. The copying itemized on NCBE's Bill of Costs consists of copying of documents produced during discovery and at depositions, including PMBR's supplemental production. Id. It also consists of charges for copying both parties' trial exhibits and exhibits to the proposed findings of fact and conclusions of law. Id.

## CONCLUSION

NCBE should be awarded the costs itemized on its Bill of Costs.

Respectfully submitted,

/s/ Barbara W. Mather
Barbara W. Mather
Christopher J. Huber
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth and Arch Streets
Philadelphia, PA 19103

Robert A. Burgoyne
Caroline M. Mew
FULBRIGHT & JAWORSKI L.L.P.
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

Attorneys for Plaintiff

Dated: September 11, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2006, true and correct copies of NCBE's Bill of Costs and Brief in Support of Bill of Costs was served on the following individuals, in the manner noted:

> Manny D. Pokotilow (via hand delivery and email)
> Salvatore Guerriero
> Caesar, Rivise, Bernstein, Cohen & Pokotilow, Ltd.
> 1635 Market Street, 11th Floor
> Philadelphia, PA  19103-2212
>
> Anthony L. Press (via first-class mail, postage prepaid)
> Morrison & Foerster LLP
> 555 W. Fifth Street, Suite 3500
> Los Angeles, CA  90013-1024

_____
Christopher Huber